JAMES E. PHILPOTT, PLAINTIFF IN ERROR, V. GEORGE C. NEWMAN AND OTHERS, DEFENDANTS IN ERROR.

**Attachment:** CLAIM BEFORE DUE. An attachment issued by the clerk without an order, on a debt before due, on the sole ground that the defendant is a non-resident of the state, is null and void, and confers no jurisdiction on the court issuing the same.

ERROR from the district court for Lancaster county. Tried below before POUND, J.

*A. L. Palmer* and *J. E. Philpott,* for plaintiff in error, argued the case upon the facts alone.

*Lamb, Billingsley, & Lambertson,* for defendants in error. The proceedings in attachment are a nullity. Drake on Att., sec. 28. *Kinear v. Shands,* 36 Mo., 379. *Haynes v. Gates,* 2 Head (Tenn.), 598. *Stacey v. Stichton,* 9 Iowa, 399. *Moore v. Dickerson,* 44 Ala., 485. *Dickenson v. Cowley,* 15 Kan., 269. *Davis v. Eppinger,* 18 Cal., 379. *Moore v. Pillow,* 3 Humph., 448. *Webster v. Steele,* 75 Ill., 544. *Young v. Broadbent,* 23 Iowa, 539.

MAXWELL, CH. J.

This is an action by the defendants in error against the plaintiff in error to recover the sum of $300 collected by him, as the attorney at law and agent of said defendants in error, from J. M. Carter and John Gilmore, being the proceeds of a note signed by them. The answer sets up various defenses, the one principally relied upon is that the plaintiff was garnished in an action pending in the district court of Lancaster county, wherein A. L. Palmer was plaintiff, and R. B. Wasson defendant. The cause was referred to Joseph Hunter to find the issues of law and fact. The referee heard the testimony, and found that the proceedings in garnishment were no defense to the action, and that there was due from this plaintiff to the defendants the sum of $295 and interest. The plaintiff filed exceptions to the report of the referee, which were overruled, and judgment rendered on the finding. He brings the cause into this court by petition in error.

The proceedings in garnishment are substantially as follows: On the thirtieth of April, 1877, R. B. Wasson bought of J. H. McMurtry, the attorney of Joseph W. Hartley, ten acres of school land near the city of Lincoln, and in payment gave his check for three hundred dollars on the German American Bank of New York, to J. E. Philpott, as his attorney. The certificate for the land had to be sent to Chicago for the signature of Hartley, and certain taxes were to be paid by McMurtry. The money derived from the check to be paid for the land when the terms of the contract were complied with. This check the plaintiff delivered to the bank, which collected the same, and on the fifth day of June, 1877, applied the proceeds in payment for the land, and delivered the title papers to the agent of Wasson. On the fourteenth day of May, 1877, A. L.

Palmer commenced an action by attachment against R. B. Wasson to recover the sum of $1,000 for an alleged breach of contract, it being alleged in the petition that Wasson purchased Palmer's residence in Lancaster county for the sum of $7,000, $100 cash in hand, $3,000 to be paid in thirty days' from the third day of May, 1877, and $3,900 to be paid in sixty days from that date. The affidavit for an attachment is based solely on the ground that Wasson is a non-resident of the state. No order allowing the attachment was made, and no undertaking given. The plaintiff herein was served with notice of garnishment on the fourteenth of May, 1877, and filed his answer on the twenty-seventh of May, 1878, and the court thereupon made an order requiring him to hold the money in his hands. Wasson has made no appearance in that action, and if the court has acquired jurisdiction it is by virtue of the proceedings in attachment.

Section 237 of the civil code provides that "a creditor may bring an action on a claim before it is due, and have an attachment against the property of the debtor, in the following cases :

"*First.* Where a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts.

"*Second.* Where he is about to make such sale, conveyance, or disposition of his property, with such fraudulent intent.

"*Third.* Where he is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering and delaying them in the collection of their debts."

Section 238 provides that the attachment may be granted by the court in which the action is brought,

Philpott v. Newman.

or a judge thereof, or by the county judge of the county.

Section 239 provides that "if the court or judge refuse to grant an order of attachment, the action shall be dismissed," etc.

It is also provided that the court or judge shall fix the amount of the undertaking. All of these requirements have been disregarded. If the claim is one upon which an attachment would be issued in a proper case—which is not before us—the petition and affidavit show on their face that there could be no breach of the conditions of the contract until thirty days from the 3d day of May, and also show that there has been no breach of the conditions, and that nothing was in fact due, notwithstanding an allegation to the contrary. Proceedings in attachment are regulated by statute, and there must be a substantial compliance therewith, to give them validity. The plaintiff in error does not seem to have been wholly averse to this attachment; but the court acquired no jurisdiction by his answer as garnishee. The findings of the referee have been carefully prepared, are fully sustained by the testimony, and the judgment of the court below is in all things affirmed.

JUDGMENT AFFIRMED.

COBB, J., having been counsel, did not sit in the case.